Rec 0627309

ORIGINAL

FILED
OCT 30 2007
U.S. COURT OF FEDERAL CLAIMS

**THE UNITED STATES COURT OF FEDERAL CLAIMS**

----------------------------------------------------------X

SUSAN L. McCARRON,

Plaintiff,

-v-

07-756 C

UNITED STATES DEPARTMENT OF THE ARMY and DEFENSE FINANCE AND ACCOUNTING SERVICE,

Defendants.

----------------------------------------------------------X

**COMPLAINT FOR MONETARY DAMAGES**

INTRODUCTORY STATEMENT

1. The Plaintiff in this action is an employee of the United States Government. At all times relevant to this complaint, the Plaintiff was a Federal Law Enforcement Officer (LEO) (GS-1811), employed by the Department of the Army, and eligible to participate in a special retirement system granting LEO's entitlement to an annuity at a younger age and with fewer years of service than other federal employees.

2. The Plaintiff seeks relief in this Court pursuant to 28 U.S.C. Section 1491 and the Back Pay Act (5 U.S.C. Section 5596) because (I) of the Defendant, United States Department of the Army's (Army), refusal to allow the Plaintiff to substitute available Sick Leave for Leave Without Pay (LWOP) pursuant to the Family Medical Leave Act, 5 U.S.C. Section 6381, et seq. (FMLA), and (ii) the Defendant, Defense Finance and Accounting Service's (DFAS) collection

of monies from plaintiff characterized by Defendant, DFAS, as an "overpayment", in violation of minimal due process and statute.

COUNT 1

3. Plaintiff gave birth to her daughter on December 7, 2001. At the time of birth Plaintiff requested Defendant, Army, to allow her to take 12 weeks of Leave Without Pay (LWOP) under the FMLA. Plaintiff further requested the Defendant, Army, to substitute accrued Sick L:eave for the LWOP.

4. Defendant, Army, arbitrarily, erroneously and irrationally allowed Plaintiff to substitute accrued Sick Leave for the first six weeks of FMLA, but not the next six weeks, thereby leaving Plaintiff, technically, on LWOP for the remaining six week period of FMLA. Plaintiff lost gross income in the amount of approximately $15,000.00 as a result of the arbitrary denial of use of accrued Sick Leave, in violation of the FMLA.

5. The Defendant's actions breached the FMLA all to the damage of the Plaintiff.

6. Plaintiff gave birth to a second child on November 4, 2003. The Defendant, Army, arbitrarily and in breach of the FMLA denied Plaintiff's request to substitute accrued Sick Leave for the entire 12 week of LWOP under the FMLA. The Defendant allowed only the first six weeks of accrued Sick Leave and, as a result, Plaintiff suffered damages of approximately

$15,000.00, relating to loss of pay for the balance of the 6 weeks not covered by accrued Sick Leave, all in violation of the FMLA.

COUNT 2

7. Plaintiff seeks recovery of salary and compensation for official services rendered.

8. The Defendant, Army, continued erroneously to pay the Plaintiff's salary in the aggregate amount of $10,800.00 while she was absent from work during the approved FMLA period. The Defendant, Army, has erroneously claimed that this compensation was erroneously paid and has designated same as an over-payment.

9. The Defendant, DFAS, committed harmful procedural error and failed to afford Plaintiff minimal due process by seeking collection of the purported overpayment on behalf of the Defendant, Army, in violation of 5 U.S.C. Section 5514. Specifically, the Defendant, DFAS, failed to afford Plaintiff with:

- 30 days advanced notice of the amount due and explanation of rights under 5 U.S.C. Section 5514;
- an opportunity to inspect and copy Government records relating to the debt;
- an opportunity to enter a written agreement with the Defendant to establish a schedule to pay the purported debt; and

- an opportunity for a hearing on the determination of the Agency concerning the existence of the amount of the debt.

10. The Defendants, Army and DFAS, breached the provisions of 5 U.S.C. Section 5514 and consequently committed harmful procedural error and denial of minimal due process all to the Plaintiff's damage in the aggregate of $10,800.00.

11. The Plaintiff has exhausted her administrative remedies.

## JURISDICTION

12. This Court has jurisdiction pursuant to 28 U.S.C. Section 1491 and 28 U.S.C Section 5596.

## PARTIES

13. At all relevant times herein the Plaintiff was employed by the Department of the Army as a Law Enforcement officer as set forth in 5 U.S.C. Section 8331(20) or 8401(17) and brings this action to redress monetary injuries to herself.

WHEREFORE, based on the foregoing, Plaintiff requests judgment against Defendants (a) in the aggregate amount of $10,800.00, exclusive of statutory interest and court costs and (b)

for the aggregate amount of $30,000.00, which is equal to the aggregate value of Sick leave to which Plaintiff would have been statutorily entitled to use during FMLA time in 2001-2003 and 2003-2004; for a total aggregate amount of $40,800.00 exclusive of statutory interest and costs.

Dated: June 15, 2005

Signed

Lawrence A. Berger, Esq.
Mahon and Berger, Esqs.
350 old Country Road, Suite 101
Garden City, NY 11530
(516) 873-8600
Fax No. (516) 873-1937