No. 07-756c
(Judge Christine Miller)

IN THE UNITED STATES COURT OF FEDERAL CLAIMS

SUSAN L. McCARRON,

Plaintiff,

v.

UNITED STATES,

Defendant.

**DEFENDANT'S MOTION TO DISMISS OR, IN THE ALTERNATIVE, FOR SUMMARY JUDGMENT UPON COUNT I OF THE COMPLAINT**

JEFFREY S. BUCHOLTZ
Acting Assistant Attorney General

JEANNE E. DAVIDSON
Director

s/ Donald E. Kinner
DONALD E. KINNER
Assistant Director

s/ Dawn Goodman
DAWN GOODMAN
Trial Attorney
National Courts Branch
Civil Division
Department of Justice
Attn: Classification Unit, 8th Floor
1100 L Street, N.W.
Washington, D.C. 20530
Tel: (202) 616-1067
Fax: (202) 514-8624

Attorneys for Defendant

OF COUNSEL:
Rebecca Ausprung
United States Army Litigation Division
Civilian Personnel Branch
901 N. Stuart Street, Suite 400
Arlington, VA 22203-1837
Tel: (703) 696-1614
Fax: (703) 696-2532

February 28, 2008

# TABLE OF CONTENTS


TABLE OF CONTENTS . . . . . i

TABLE OF AUTHORITIES . . . . . ii

DEFENDANT'S MOTION TO DISMISS OR, IN THE ALTERNATIVE, FOR SUMMARY JUDGMENT UPON COUNT I OF THE COMPLAINT . . . . . 1

ISSUES PRESENTED . . . . . 1

STATEMENT OF THE CASE . . . . . 2

ARGUMENT . . . . . 4

I. Standard For Motion To Dismiss For Lack Of Subject Matter Jurisdiction . . . . . 4

II. Count I Should Be Dismissed Because Ms. McCarron Fails To Identify A Money-Mandating Statute Or Regulation That Invokes This Court's Jurisdiction . . . . . 5

A. The Back Pay Act Does Not Provide A Basis For Jurisdiction . . . . . 6

B. Title II Of The FMLA Is Not Covered By The Tucker Act . . . . . 7

III. In The Alternative, The Court Should Grant Summary Judgment Upon Count I In Favor Of The United States . . . . . 10

A. Standard Of Review For Summary Judgment . . . . . 10

B. The Decision To Deny Plaintiff's Request For Sick Leave Was Not An Unjustified Personnel Action Or A Personnel Violation . . . . . 11

CONCLUSION . . . . . 14

## TABLE OF AUTHORITIES

### CASES


Ainslie v. United States,
55 Fed. Cl. 103 (2003) . . . . . 7

Alaska v. United States,
32 Fed. Cl. 689 (1995), appeal dismissed, 86 F.3d 1178 (Fed. Cir. 1996) . . . . . 4

Anderson v. Liberty Lobby, Inc.,
477 U.S. 242 (1986) . . . . . 10

Booth v. United States,
990 F.2d 617 (Fed. Cir. 1993) . . . . . 4

Briscoe v. LaHue,
663 F.2d 713 (7th Cir. 1981), aff'd, 460 U.S. 325 (1983) . . . . . 5

Celotex Corp. v. Catrett,
477 U.S. 317 (1986) . . . . . 10, 11

Chubb v. Omaha,
424 F.3d 831 (8th Cir. 2005) . . . . . 9

Geromanos v. Columbia University,
322 F. Supp. 2d 420 (S.D.N.Y. 2004) . . . . . 9

Hamlet v. United States,
873 F.2d 1414 (Fed Cir. 1989) . . . . . 5

Henke v. United States,
60 F.3d 795 (Fed. Cir. 1995) . . . . . 5

Hickman v. United States,
43 Fed. Cl. 424 (1999) . . . . . 6, 11

Holley v. United States,
124 F.3d 1462 (Fed. Cir. 1997) . . . . . 5, 6

Keen v. Brown,
958 F. Supp. 70 (D. Conn. 1997) . . . . . 8

Mann v. Haigh,
120 F.3d 34 (4th Cir. 1997) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8

McNutt v. General Motors Acceptance Corp.,
298 U.S. 178 (1936) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4, 5

Nevada v. Hibbs,
123 S.Ct. 1972 (2003) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7

Ragsdale v. Wolverine World Wide, Inc.,
535 U.S. 81 (2002) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7

Reynolds v. Army & Air Force Exch. Serv.,
846 F.2d 746 (Fed. Cir. 1988) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4

Russell v. Dep't of the Army,
191 F.3d 1016 (9th Cir. 1999) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8

Scheuer v. Rhodes,
416 U.S. 232 (1974) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5

Seal-Flex, Inc. v. Athletic Track and Court Const.,
98 F.3d 1318 (Fed. Cir. 1996) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 10

Smith v. United States,
823 F.2d 532 (Fed. Cir. 1987) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 10

Spagnola v. Stockman,
732 F.2d 908 (Fed. Cir. 1984) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 10

United States v. Connolly,
716 F.2d 882 (Fed. Cir. 1983) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6

United States v. King,
395 U.S. 1 (1969) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5

United States v. Testan,
424 U.S. 392 (1976) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5

Weesner v. Glickman,
59 F. Supp. 2d 783 (N.D. Ind. 1999) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8

Wesleyan Co., Inc. v. Harvey,
454 F.3d 1375 (Fed. Cir. 2006) . . . . . . . . . . 6

## STATUTES AND REGULATIONS

5 C.F.R. § 630.403(a) . . . . . . . . . . 12, 13

5 U.S.C. § 5596 . . . . . . . . . . 6

5 U.S.C. §§ 6311 . . . . . . . . . . 11

5 U.S.C. §§ 6301 . . . . . . . . . . 7

5 U.S.C. §§ 2105 . . . . . . . . . . 7

5 U.S.C. §§ 6381-6387 . . . . . . . . . . 7, 8, 11

5 U.S.C. § 6382(a)(1) . . . . . . . . . . 7, 8, 9

28 U.S.C. §1491(a)(1) . . . . . . . . . . 4, 5, 6

29 U.S.C. § 2601 et seq . . . . . . . . . . 7

29 U.S.C. § 2612(a)(1) . . . . . . . . . . 7

29 U.S.C. § 2617(a)(2) . . . . . . . . . . 8

29 U.S.C. § 2623(a)(1) . . . . . . . . . . 7

IN THE UNITED STATES COURT OF FEDERAL CLAIMS

| | | |
|---|---|---|
| SUSAN L. McCARRON, | ) | |
| Plaintiff, | ) | |
| | ) | No. 07-756c |
| v. | ) | (Judge Christine Miller) |
| UNITED STATES, | ) | |
| Defendant. | ) | |

**DEFENDANT'S MOTION TO DISMISS OR, IN THE ALTERNATIVE, FOR SUMMARY JUDGMENT UPON COUNT I OF THE COMPLAINT**

Pursuant to Rule 12(b)(1) of the Rules of the United States Court of Federal Claims ("RCFC"), defendant, the United States, respectfully requests that the Court dismiss Count I of the complaint filed by plaintiff, Susan L. McCarron, for lack of subject matter jurisdiction. In the alternative, pursuant to RCFC 56, we respectfully request that the Court enter summary judgment upon Count I in favor of the United States. In support of this motion, defendant relies upon the complaint, the following brief, and the appendix attached to this motion.[1]

**ISSUES PRESENTED**

1. Whether the Court should dismiss Count I of plaintiff's complaint for lack of subject matter jurisdiction where there is no money-mandating statute or regulation that entitles Ms. McCarron to relief.

2. In the alternative, whether the Court should grant summary judgment upon Count I in favor of the United States because the denial of Ms. McCarron's request for paid sick leave was justified and in accordance with established law and agency policies.

---

[1] "A__" refers to the appendix attached to this motion. "Compl." refers to plaintiff's Complaint filed October 30, 2007.

**STATEMENT OF THE CASE**

Plaintiff, Susan L. McCarron, has been a Federal law enforcement officer employed at the Boston Fraud Resident Agency ("BFRA") of the United States Army Criminal Investigation Division ("CID"), located in Fort Devens, Massachusetts, since February 27, 2000. Compl., ¶ 13; A1. On October 29, 2001, while she was pregnant with her first child, Ms. McCarron submitted a memorandum informing the Army of her intent to take 12 weeks of leave pursuant to the Family Medical Leave Act ("FMLA"). Compl. ¶ 3; A2. The leave would begin to run on the actual date of birth. Id. Thereafter, on November 15, 2001, Ms. McCarron submitted a note from her physician stating that she would be unable to work from December 9, 2001, up until the birth of her child. A4. Since FMLA leave would not commence until she gave birth, Ms. McCarron requested annual leave from December 3-7, 2001, and paid sick leave starting on December 10, 2001 through the actual date of birth. A3. In her request, Ms. McCarron specifically stated that this leave was not being requested pursuant to the FMLA. Id. These requests were approved. Id. Plaintiff's first child was born on December 17, 2001.[2] Compl. ¶ 3; A5.

After the birth of her child, and pursuant to the notice provided in her October 29, 2001 memorandum, Ms. McCarron submitted a series of leave request forms seeking six weeks of paid sick leave for the period from December 17, 2001, through January 28, 2001. A5-A7. All of these requests were approved, and Ms. McCarron was not required to provide any medical

---

[2] Plaintiff's complaint contains a scrivener's error. Paragraph 3 of the complaint states that Ms. McCarron's first child was born on December 7, 2001. A review of the records attached to this motion show that the actual date of birth was December 17, 2001. A5.

documentation to support these requests. Id.

Ms. McCarron was, however, advised by her supervisor, Special Agent-in-Charge Joseph Smith, that she needed to provide medical documentation to take any additional paid sick leave beyond the six weeks that she had already been granted. A8-A9. On January 22, 2002, Ms. McCarron submitted a request for an additional six weeks of paid sick leave to cover January 29 to March 15, 2002. A8. Ms. McCarron refused to provide the documentation requested by Special Agent-in-Charge Smith. Id. Therefore, Agent Smith denied her request for sick leave for the period from January 29 to March 15, 2002. Agent Smith informed Ms. McCarron that although she could not take sick leave without medical documentation, she could take annual leave, leave without pay or a combination of both during the six week period. A8-A9. Ms. McCarron did not request annual leave or leave without pay, and she did not report for duty from January 29 to March 15, 2002. A8. Ms. McCarron returned to duty on March 16, 2002. Id. On March 18, 2002, she submitted a request for a combination of annual and sick leave for dental and medical appointments for the period March 18-22, 2002. A10. Agent Smith approved this request. Id.

On April 3, 2003, Ms. McCarron sent an e-mail to the CID commander, Colonel Donald Salo. A11-A12. In her e-mail, which functioned as an internal complaint pursuant to Colonel Salo's open door policy, Ms. McCarron alleged that she had been improperly denied paid sick leave which she claimed was guaranteed under the FMLA. Id. Colonel Salo called Ms. McCarron to discuss the complaint, and she sent him a follow-up email on April 8, 2003. A13-A14. On April 10, 2003, Colonel Salo issued a written decision on Ms. McCarron's complaint finding that the denial of paid sick leave was lawful and in accordance with the Office

of Personnel Management ("OPM") regulations and Army policy. A15-A17.

On November 4, 2003, Ms. McCarron gave birth to her second child. A28. As with the birth of her first child, she requested, and was approved, for six weeks of paid sick leave after the birth of her child. Id. She again requested an additional six weeks of paid sick leave. A28-A36. Again, her request was denied after she refused to provide the requisite medical documentation. A32-A34. Ms. McCarron, therefore, requested a combination of annual leave and leave without pay. Id. These requests were approved. Id.

Ms. McCarron filed the instant action alleging that the Army violated the FMLA and seeking $40,800.00 plus interest and costs under the Back Pay Act. She alleges that jurisdiction is proper under the Tucker Act, 28 U.S.C. § 1491.

## ARGUMENT

### I. Standard For Motion To Dismiss For Lack Of Subject Matter Jurisdiction

Subject matter jurisdiction may be challenged at any time by the parties, by the Court sua sponte, or upon appeal. Booth v. United States, 990 F.2d 617, 620 (Fed. Cir. 1993). Once jurisdiction is challenged by the Court or the opposing party, the plaintiff bears the burden of establishing jurisdiction. McNutt v. General Motors Acceptance Corp., 298 U.S. 178, 189 (1936). A plaintiff must establish jurisdiction by a preponderance of the evidence. Reynolds v. Army & Air Force Exch. Serv., 846 F.2d 746, 748 (Fed. Cir. 1988); Alaska v. United States, 32 Fed. Cl. 689, 695 (1995), appeal dismissed, 86 F.3d 1178 (Fed. Cir. 1996).

"Determination of jurisdiction starts with the complaint, which must be well-pleaded in that it must state the necessary elements of the plaintiff's claim, independent of any defense that may be interposed." Holley v. United States, 124 F.3d 1462, 1465 (Fed. Cir. 1997).

Nonetheless, "conclusory allegations unsupported by any factual assertions will not withstand a motion to dismiss." Briscoe v. LaHue, 663 F.2d 713, 723 (7th Cir. 1981), aff'd, 460 U.S. 325 (1983).

When deciding a motion to dismiss based upon lack of subject matter jurisdiction, this Court must assume that all undisputed facts alleged in the complaint are true and must draw all reasonable inferences in the plaintiff's favor. Scheuer v. Rhodes, 416 U.S. 232, 236 (1974); see also Henke v. United States, 60 F.3d 795, 797 (Fed. Cir. 1995); Hamlet v. United States, 873 F.2d 1414, 1416 (Fed Cir. 1989). If a defendant challenges the jurisdiction of the Court, however, the plaintiff cannot rely merely upon allegations in the complaint, but must instead bring forth relevant, competent proof to establish jurisdiction. McNutt, 298 U.S. at 189.

## II. Count I Should Be Dismissed Because Ms. McCarron Fails To Identify A Money-Mandating Statute Or Regulation That Invokes This Court's Jurisdiction

This Court's authority to grant relief against the United States is limited by the extent to which the United States has waived sovereign immunity. United States v. Testan, 424 U.S. 392, 399 (1976). A waiver of sovereign immunity "cannot be implied and must be unequivocally expressed." United States v. King, 395 U.S. 1, 4 (1969). The central provision granting consent to suit in this Court is the Tucker Act, 28 U.S.C. § 1491. Pursuant to this statute, an action in this Court must be "founded either upon the Constitution or any Act of Congress, or any regulation of an executive department, or upon any express or implied contract with the United States, or for liquidated or unliquidated damages in cases not sounding in tort." 28 U.S.C. § 1491(a)(1). While the Tucker Act provides a general waiver of sovereign immunity, a plaintiff must also identify an independent statute, regulation, Constitutional provision, or contract which

authorizes the United States to pay money damages to properly invoke this Court's jurisdiction. Holley v. United States, 124 F.3d 1462, 1465 (Fed. Cir. 1997); Wesleyan Co., Inc. v. Harvey, 454 F.3d 1375, 1380 (Fed. Cir. 2006). Absent a money-mandating source or contract, this Court lacks the power to grant any relief. United States v. Connolly, 716 F.2d 882, 885 (Fed. Cir. 1983) (en banc).

A. The Back Pay Act Does Not Provide A Basis For Jurisdiction

This Court lacks jurisdiction to entertain Count I of plaintiff's complaint because there is no money-mandating statute or regulation that entitles Ms. McCarron to relief. Count I stems from an allegation that the Government violated the FMLA when the Army denied the plaintiff's request for paid sick leave. Ms. McCarron alleges that the Back Pay Act, 5 U.S.C. § 5596, is the money-mandating statute which entitles her to relief for the alleged violation of the FMLA.

To state a valid claim under the Back Pay Act, an employee must establish the existence of an unjustified personnel action or personnel violation which adversely affected her wages. Hickman v. United States, 43 Fed. Cl. 424, 442 (1999) (citing United States v. Fausto, 484 U.S. 439 (1988)). "The Court of Appeals for the Federal Circuit has held that the Back Pay Act is merely 'derivative' in application, [United States v. Connolly, 716 F.2d 882, 887 (Fed. Cir. 1983)], and is money-mandating only when a plaintiff's claim is 'based on violations of statutes or regulations covered by the Tucker Act.'" Ainslie v. United States, 55 Fed. Cl. 103, 105 (2003) (citing Worthington v. United States, 168 F.3d 24, 26 (Fed. Cir. 1999) (additional citations omitted)). Since, as discussed below, Ms. McCarron's claim is based upon a violation of the FMLA, which is not money-mandating, her claim for back pay is not enough to bring this case within this Court's jurisdiction.

B. Title II Of The FMLA Is Not Covered By The Tucker Act

In order to establish this Court's jurisdiction under the Back Pay Act, Ms. McCarron claims that the Government violated the FMLA when her request for paid sick leave after the birth of her children was denied. The FMLA grants private and Federal employees an entitlement to periods of leave under certain enumerated circumstances. 29 U.S.C. § 2623(a)(1); 5 U.S.C. § 6382(a)(1). The FMLA's central provision guarantees eligible employees 12 weeks of unpaid leave in a one-year period following certain events: a disabling health problem; a family member's serious illness; or the arrival of a new son or daughter. 5 U.S.C. § 6382(a)(1); 29 U.S.C. § 2612(a)(1); Nevada v. Hibbs, 538 U.S. 721, 724 (2003); Ragsdale v. Wolverine World Wide, Inc., 535 U.S. 81, 84 (2002). Title II of the FMLA, 5 U.S.C. §§ 6381-6387, governs leave for Federal civil service employees with more than 12 months of service. Title I, 29 U.S.C. § 2601 et seq., governs leave for private employees. There is no doubt that at the time of the birth of her first child, Ms. McCarron was a Federal employee (as defined by the FMLA) with more than 12 months of service. See A1. Accordingly, she is covered by Title II of the FMLA.[3]

Unlike Title I of the FMLA which expressly provides a private right of action to private sector employees, Title II does not contain an analogous provision for Government employees. Compare 29 U.S.C. § 2617(a)(2), with 5 U.S.C. §§ 6381-6387. As the Fourth Circuit has held:

---

[3] The determination of whether a Federal employee falls under Title I or Title II of the FMLA requires an analysis of a roadmap of statutes. Section 6381 of Title 5 defines an "employee" as an individual who "is an employee as defined by section 6301(2)." Id. Section 6301(2) of Title 5 defines "employee" as "an employee defined by section 2105 of this title." Id. Section 2105 of Title 5 defines an "employee" as an individual appointed in civil service. Paragraph 13 of the complaint acknowledges that Ms. McCarron is a civil service employee. Additionally, none of the exceptions to the statutory definitions apply to Ms. McCarron. See 5 U.S.C. §§ 6381, 6301, 2105.

> No unequivocal waiver of immunity exists in Title II [of the FMLA], and, consequently, the omission of a provision in Title II similar to that in Title I creating a private right of action is treated as an affirmative congressional decision that the employees covered by Title II of the FMLA should not have a right to judicial review of their FMLA claims through the FMLA. Accordingly, Title II of the FMLA creates neither an express nor implied right of action whereby [covered] employees may obtain judicial review of adverse employment decisions.

Mann v. Haigh, 120 F.3d 34, 37 (4th Cir. 1997). Following this rationale, courts have held that there is no private right of action under Title II of the FMLA because Title II does not contain an express waiver of the sovereign immunity of the United States. Id.; Russell v. Dep't of the Army, 191 F.3d 1016, 1018 (9th Cir. 1999) ("The absence of express statutory authorization for such suits under Title II would seem to bar [plaintiff's] FMLA claims because it is axiomatic that suits against the government are barred by sovereign immunity absent an unequivocally expressed waiver."); Weesner v. Glickman, 59 F. Supp. 2d 783 (N.D. Ind. 1999); Keen v. Brown, 958 F. Supp. 70, 72-75 (D. Conn. 1997). Accordingly, this Court lacks jurisdiction to entertain Ms. McCarron's claim for relief pursuant to Title II of the FMLA.

FMLA's repeated express reference to unpaid rather than paid leave further supports the conclusion that FMLA is not a money-mandating statute. Specifically, the relevant provision, 5 U.S.C. § 6382(a)(1), provides that employees are entitled to a total of 12 administrative workweeks of unpaid leave during a 12 month period for any of the following:

> (A) Because of the birth of a son or daughter of the employee and in order to care for such son or daughter.
> (B) Because of the placement of a son or daughter with the employee for adoption or foster care.
> (C) In order to care for the spouse, or a son, daughter, or parent, of the employee, if such spouse, son, daughter, or parent has a serious health condition.
> (D) Because of a serious health condition that makes the employee unable to perform the functions of the employee's position.

The FMLA further states:

> An employee may elect to substitute leave under subparagraph (A), (B), (C), or (D) of subsection (a)(1) any of the employee's accrued or accumulated annual or sick leave under subchapter I for any part of the 12-week period of leave under such subsection, except that nothing in this subchapter shall require an employing agency to provide paid sick leave in any situation in which such employing agency would not normally provide any such paid leave.

5 U.S.C. § 6382(d) (emphasis added).

Section 6382 provides for qw weeks of unpaid leave. Nothing in the FMLA requires that an employer provide paid leave, nor does it require an employer to allow an employee to substitute paid leave for unpaid FMLA leave. To the contrary, the FMLA specifically states that an employer is not required to provide paid leave and is only required to substitute paid sick leave for FMLA leave in situations where the employer would normally provide paid sick leave. 5 U.S.C. § 6382(d); see also Chubb v. Omaha, 424 F.3d 831, 833 (8th Cir. 2005) ("The FMLA does not require employers to provide paid leave."); Geromanos v. Columbia University, 322 F. Supp. 2d 420, 432 (S.D.N.Y. 2004) ("Congress did not require FMLA leave to be paid leave.").[4] Thus, Ms. McCarron's claim that the Government violated the FMLA by denying her request for paid sick leave does amount to a claim under a money-mandating statute.

Because the FMLA claim is not money-mandating, this Court lacks jurisdiction over Ms. McCarron's Back Pay Act claim. "[T]he Back Pay Act 'was not designed to provide payment for all actions which should or might well have been taken, but only for those payments or benefits which were required by law.'" Smith v. United States, 823 F.2d 532, 535-36 (Fed. Cir. 1987)

---

[4]Although these are private sector cases brought under Title I of the FMLA, the Federal sector counter-part to the FMLA provision upon which the cases rely is clear that leave under the FMLA is to be leave without pay. Compare 29 U.S.§ 2612(c), with 5 U.S.C. § 6382(c).

(quoting Spagnola v. Stockman, 732 F.2d 908, 912 (Fed. Cir. 1984)). Ms. McCarron has not identified any other statute or regulation covered by the Tucker Act which she claims that the Government violated when it denied her request for paid sick leave after she refused to provide the requested medical documentation. Absent the identification of such a statute or regulation, the Back Pay Act is not money-mandating in this case. The Court, therefore, lacks subject matter jurisdiction over Count I of Plaintiff's Complaint, and it should be dismissed.

## III. In The Alternative, The Court Should Grant Summary Judgment Upon Count I In Favor Of The United States

### A. Standard Of Review For Summary Judgment

Summary judgment is appropriate when there are no genuine issues of material fact and the moving party is entitled to judgment as a matter of law. RCFC 56(c); Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 251-51 (1986). The moving party bears the initial burden of establishing the absence of any disputes of material fact. Seal-Flex, Inc. v. Athletic Track & Court Const., 98 F.3d 1318, 1321 (Fed. Cir. 1996) (citing Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986)). "When the movant has met its initial burden, the non-movant must respond with sufficient evidence to show that there is a material factual dispute and that, on the non-movant's evidence, the movant is not entitled to judgment as a matter of law." Id. Alternatively, if the moving party can show that there is an absence of evidence to support the non-moving party's case, then the burden shifts to the non-moving party to proffer such evidence. Celotex, 477 U.S. at 325. The Supreme Court has emphasized that the "[s]ummary judgment procedure is not properly regarded as a disfavored procedural shortcut but, rather as an integral part of the Federal Rules as a whole, which are designed to secure the just, speedy and inexpensive determination of every action." Celotex, 477 U.S. at 327 (internal citations omitted).

B. The Decision To Deny Plaintiff's Request For Sick Leave Was Not An Unjustified Personnel Action Or A Personnel Violation

Even assuming, arguendo, that the Court finds it possesses jurisdiction to entertain Ms. McCarron's claim, summary judgment in favor of the United States is appropriate upon Count I. In order to maintain a valid claim under the Back Pay Act, Ms. McCarron must establish that she was subject to an unjustified personnel action or a personnel violation which adversely affected her wages. Hickman, 43 Fed. Cl. at 442. Under the undisputed facts of this case, Ms. McCarron cannot establish that such a violation occurred.

OPM is granted the authority to prescribe regulations for the administration of sick leave for Federal employees including the administration of FMLA leave. See 5 U.S.C. §§ 6311, 6387. The Army clearly followed the regulations and guidance issued by OPM on the administration of sick leave when it denied Ms. McCarron's request for paid sick leave. As recognized by Colonel Salo when he issued his decision on Ms. McCarron's e-mail complaint, OPM provides that an agency may grant sick leave only when supported by evidence administratively acceptable to the agency, and agencies may require a medical certificate for absences in excess of three days. 5 C.F.R. § 630.403(a) (emphasis added); A16, A22, ¶ 5.[5] If any employee does not provide the required medical certification within the specified time period, they are not entitled to sick leave. 5 C.F.R. § 630.403(b). This policy is also reflected in the Army's leave policy outlined to Ms. McCarron by Colonel Salo, and now available to Army's civilian employees on-line through the Civilian Personnel On-Line ("CPOL") webpage. A15-16, ¶ 5; A27.[6]

[5]This guidance which was attached to Colonel Salo's decision when it was provided to Ms. McCarron is verifiable on-line at http://www.opm.gov/oca/leave/HTML/sicklv.asp.

[6]The Army's policy on medical documentation and requirements on the use of sick leave which is now available to civilian employees via the internet, the relevant portion which is

With regard to the use of sick leave for pregnancy-related purposes, OPM instructs that a biological mother or father may not use 12 weeks of sick leave to care for a healthy newborn since an employee may use sick leave only for periods of sickness or other incapacitation. Id.; 5 C.F.R. § 630.403(a) (emphasis added); A17, A23, ¶¶ 6-7.[7]

Since Ms. McCarron never provided the requested medical certification and was not caring for a newborn with a serious health condition, the Army properly followed Army policy and OPM regulations in denying her requests to use paid sick leave. Ms. McCarron was informed by her supervisor of the medical documentation requirement even before she requested paid sick leave for the period from January 29 to March 15, 2002. A9. Despite this advice, Ms. McCarron elected to apply for the additional six weeks of sick leave (since she had already applied for and been granted six weeks of paid leave), and did not provide the requested medical documentation. A8. Under OPM regulations, her failure to supply the requested documentation provided a proper basis for the denial of her request for paid sick leave. See 5 C.F.R. § 630.403(b). When her request was denied, Ms. McCarron was informed that she could take annual leave, leave without pay or a combination of both. A8-A9. Nevertheless, Ms. McCarron chose not to request the use of annual leave and did not come to work from January 29 to March 15, 2002. A9. Accordingly, the Army correctly found that she was taking unpaid leave pursuant to the FMLA, OPM regulations and Army policy.

Even after the Army, through Colonel Salo, denied her complaint on this issue, A15-A17,

---

attached hereto, is verifiable on-line at http://cpol.army.mil/library/permiss/5018c.html.

[7]The OPM question and answer guidance on sick leave which was attached to Colonel Salo's decision when it was provided to Ms. McCarron is verifiable on-line at http://www.opm.gov/oca/LEAVE/html/slQ&A.htm#pregnant%20employee.

Ms. McCarron proceeded in the same manner after the birth of her second child. She again, after being out of work on paid leave for six weeks, submitted a request for an additional six weeks of paid sick leave. A28-A36. She again refused to provide the requested medical documentation. Accordingly, her request for paid leave following the birth of her second child was also correctly denied. The Army's denial of paid sick leave under these circumstances was fully justified and in accordance with established law, OPM regulations and Army policies on the administrative of sick leave.

There is no genuinely disputed issue of material fact in this case. The denial of Ms. McCarron's request for paid sick leave was not an unjustified personnel action or a personnel violation. Rather, it was an administrative decision made in full compliance with the FMLA, OPM regulations, and Army policy. Ms. McCarron has failed to establish that the United States violated the FMLA or the Back Pay Act. Accordingly, summary judgment should be granted upon Count I in favor of the United States.

CONCLUSION

For the above and foregoing reasons, defendant respectfully requests that the Court dismiss Count I of plaintiff's complaint for lack of subject matter jurisdiction. In the alternative, defendant respectfully requests that the Court grant summary judgment upon Count I in favor of the United States.

Respectfully submitted,

JEFFREY S. BUCHOLTZ
Acting Assistant Attorney General

JEANNE E. DAVIDSON
Director

s/ Donald E. Kinner
DONALD E. KINNER
Assistant Director

s/ Dawn Goodman
DAWN GOODMAN
Trial Attorney
National Courts Branch
Civil Division
Department of Justice
Attn: Classification Unit, 8th Floor
1100 L Street, N.W.
Washington, D.C. 20530
Tel: (202) 616-1067
Fax: (202) 514-8624

Attorneys for Defendant

OF COUNSEL:
Rebecca Ausprung
United States Army Litigation Division
Civilian Personnel Branch
901 N. Stuart Street, Suite 400
Arlington, VA 22203-1837
Tel: (703) 696-1614
Fax: (703) 696-2532

February 28, 2008

CERTIFICATE OF SERVICE

I hereby certify under penalty of perjury that on this 28th day of February 2008, a copy of the foregoing "DEFENDANT'S MOTION TO DISMISS OR, IN THE ALTERNATIVE, FOR SUMMARY JUDGMENT UPON COUNT I OF THE COMPLAINT," was filed electronically. I understand that notice of this filing will be sent to all parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

s/ Dawn Goodman