IN THE UNITED STATES COURT OF FEDERAL CLAIM

______________________________________X

SUSAN L. McCARRON,

Plaintiff,

V.

UNITED STATES,

Defendant.

______________________________________X

No.: 07-756c
(Judge Christine Miller)

**PLAINTIFF'S AFFIRMATION IN OPPOSITION TO DEFENDANT'S MOTION TO DISMISS, OR IN THE ALTERNATIVE, FOR SUMMARY JUDGMENT UPON COUNT I OF THE COMPLAINT**

Lawrence Berger, an attorney at law, duly licensed to practice before the United States Court of Federal Claim, affirms the following to be true, under the penalties of perjury:

1. I am a member of Mahon & Berger, Esq, attorneys for the Plaintiff, SUSAN L. McCARRON, and submit this affirmation in opposition to plaintiff's Motion to Dismiss, or in the alternative, for summary judgment. I am fully familiar with all of the facts and circumstances relating to this action and Motion.

2. Opposing counsel states in her moving papers that the within matter must be dismissed for lack of subject matter jurisdiction alleging that there is no money-mandating statute or regulation that entitles the plaintiff to relief. It is respectfully submitted that this court does indeed have subject matter jurisdiction and defendant's motion must be denied.

3. The facts as cited by the defendant are not accurate. Specifically, defendant states as follows:

After the birth of her child, and pursuant to the notice provided in her October 29. 2001 memorandum, Ms. McCarron submitted a series of leave request forms seeking six weeks of paid sick leave for the period from December 17, 2001, through January 28, 2002. A5-A7. All of these requests were approved and Ms. McCarron was not required to provide any medical documentation to support these requests... Ms. McCarron was, however, advised by her supervisor, Special Agent-In-Charge Joseph Smith, that she needed to provide medical documentation to take any additional paid sick leave beyond the six weeks that she had already been granted. A8-A9. On January 22, 2202, Ms. McCarron submitted a request for an additional six weeks of paid sick leave to cover January 29-March 15, 2002 A8. Ms. McCarron refused to provide the documentation requested by Special Agent-In-Charge Smith.

4. The plaintiff states that the facts are quite different. The plaintiff states that the plaintiff requested to substitute available Sick Leave for Leave Without Pay (LWOP) pursuant to the Family Medical Leave Act (hereinafter referred to as "FMLA"). The plaintiff gave birth to her daughter on December 7, 2001. At the time of birth, Plaintiff requested that the defendant allow her to take 12 weeks of Leave Without Pay (LWOP) under the FMLA. Plaintiff further requested that the Defendant substitute accrued Sick Leave for LWOP. The defendant, however denied plaintiff's request to substitute accrued Sick Leave for the first six weeks of FMLA, but not the next six weeks, thereby leaving Plaintiff, technically, on LWOP for the remaining six weeks of FMLA. Plaintiff lost gross income in the amount of approximately $15, 000.00 as a result of the denial of use of accrued Sick Leave, in violation of FMLA.

5. The plaintiff gave birth to a second child on November 4, 2003. The defendant, once again, denied plaintiff's request to substitute accrued Sick Leave for the entire 12 weeks of LWOP under the FMLA. The defendant allowed only the first six weeks of accrued Sick Leave and as a

result, lost $15, 000.00 relating to loss of pay for the balance of the six weeks not covered by accrued Sick Leave, in violation of FMLA.

6. Accordingly, after the birth of both children, the plaintiff did not request an additional six weeks of sick leave. Rather, the plaintiff lawfully requested to substitute her accrued Sick Leave for LWOP under the FMLA.

7. Pursuant to the FMLA, 5C.F.R. 630.1203(a)(1), entitled “Leave Entitlement”, an employee is entitled to a total of 12 administrative workweeks of unpaid leave during any 12-month period for the birth of a son or daughter of the employee. Section 5, C.F.R. 630.1205 entitled “Substitution of paid leave” states in pertinent part as follows:

> (b) An employee may elect to substitute the following paid leave for any or all of the period of leave without pay to be taken under Seciton630.1203(a)..
>
> > (1) accrued or accumulated annual or sick leave under subchapter I of Chapter 63 of title 5 , Untied States Code, consistent with current law and regulations governing the granting and use of annual or sick leave;...
>
> (c) An agency may not deny an employee’s right to substitute paid leave under paragraph (b) of this section for any or all of the period of leave without pay to be taken under Section 630.1203(a), consistent with current law and regulations.

8. Defendant, by incorrectly stating the facts, incorrectly suggests that the court lacks subject matter jurisdiction under both the Back Pay Act and the FMLA. The defendant, herself, concedes that to state a valid claim under the Back Pay Act, an employee must establish the existence of an unjustified personnel action or personnel violation which adversely affected her

wages, Hickman v. United States, 43 Fed.Cl. 424, 442 (1999) (citing United States v. Fausto, 484 U.S. 439 (1988)). In the instant action, there is certainly an unjustified personnel action which adversely affected the plaintiff's wages. The plaintiff, pursuant to 5CFR 630.1205(b)(1) was entitled to substitute paid leave for leave without pay. Furthermore, 5 C.F.R. 630.1205(c) unequivocally states that the agency **may not deny an employee's right to substitute paid leave under paragraph (b) of this section for any or all of the period of leave without pay to be taken under Section 630.1203(a), consistent with current law and regulations.** Thus, in the instant matter, there is an unjustified personnel action or personnel violation which adversely affected her wages. Accordingly, this court has subject matter jurisdiction and the defendant's motion must be denied.

9. The defendant also misinterprets the FMLA. Specifically, on page 9 of defendant's motion to dismiss, the defendant emphasizes the section of the FMLA which states in pertinent part as follows:

> ...except that nothing in this subchapter shall require an employing agency to provide paid sick leave in any situation in which such employing agency would not normally provide any such paid leave".

This exception does NOT apply to the plaintiff. The plaintiff's situation was such that the agency would indeed provide such paid sick leave. The plaintiff had a medical condition , i.e. pregnancy, that had she applied for sick leave, she would certainly have been entitled to it. Thus, the exception cited by the defendant does not apply in this case. Accordingly, this Court does have subject matter jurisdiction over Count I of the plaintiff's complaint and the defendant's motion must be dismissed.

10. Defendant argues that in the alternative, the court should grant summary judgment upon Count I. Summary judgment is appropriate when there are no genuine issues of material fact and the moving party is entitled to judgment as a matter of law. In the instant matter there is certainly a genuine issue of fact. The facts as stated by the defendant in her motion to dismiss are disputed by the plaintiff. The plaintiff does not contend that she requested sick leave for the period of time in question as stated by the defendant. Rather, the plaintiff states that she lawfully requested that she substitute her available sick leave for leave without pay pursuant to the FMLA. The agency unlawfully denied her request thereby causing the plaintiff to lose income. Accordingly a genuine issue of material fact exists and the defendant's motion must be dismissed in its entirety and the plaintiff shall be entitled to have her day in court.

WHEREFORE, for the above and foregoing reasons, the plaintiff respectfully requests that the defendant's motion to dismiss or in the alternative, for summary judgment, be dismissed in its entirety.

Glen Cove, NY

May 9, 2008

Respectfully submitted,

Lawrence Berger, Esq.
Attorney for Plaintiff
21 Glen Street, Suite D
Glen Cove, NY 11542
(516)671-2688