IN THE UNITED STATES COURT OF FEDERAL CLAIMS

| | | |
|---|---|---|
| SUSAN L. McCARRON, Plaintiff, v. UNITED STATES, Defendant. | ) ) ) ) ) ) ) ) ) | No. 07-756c (Judge Christine Miller) |

**DEFENDANT'S REPLY TO PLAINTIFF'S OPPOSITION TO DEFENDANT'S MOTION TO DISMISS OR, IN THE ALTERNATIVE, MOTION FOR SUMMARY JUDGMENT UPON COUNT I OF THE COMPLAINT**

Pursuant to Rules 12(b)(1) and 56 of the Rules of the United States Court of Federal Claims ("RCFC"), defendant, the United States, respectfully submits this reply to plaintiff's response to the United States' motion to dismiss or, in the alternative, motion for summary judgment.[1] In our opening brief, we established that the Court lacks subject matter jurisdiction over Count I of Ms. McCarron's complaint because there is no money-mandating statute or regulation that entitles her to relief. Alternatively, we established that summary judgment should be granted in favor of the United States because the denial of Ms. McCarron's request for paid sick leave was an administrative decision made in full compliance with applicable statutes and regulations and was not a violation of the Family Medical Leave Act ("FMLA"), Pub. L. No. 103-3, 107 Stat. 6 (codified in scattered sections of 5 U.S.C. and 29 U.S.C.) or Back Pay Act, 5

[1] Although Ms. McCarron's response to our motion to dismiss is clearly a response signed by her attorney and not a sworn declaration signed by Ms. McCarron, it is entitled Plaintiff's Affirmation in Opposition to Defendant's Motion To Dismiss or, in the Alternative, Motion for Summary Judgment Upon Count I of the Complaint. For purposes of this reply, it will be referred to as Ms. McCarron's "opposition" or "response," or "Pl. Opp."

"A___" refers to the appendix attached to our motion to dismiss. "Compl." refers to plaintiff's complaint filed October 30, 2007.

U.S.C. § 5596. In her response, Ms. McCarron maintains that the Court has jurisdiction under the FMLA and the Back Pay Act because she sought to substitute sick leave for leave without pay pursuant to the FMLA. Alternatively, without providing any evidence or raising any facts tending to undermine the Government's position, Ms. McCarron alleges that there are factual issues which preclude the Court from entering summary judgment. For the reasons set forth below, none of plaintiff's arguments is availing and the complaint should be dismissed, or summary judgment should be entered in favor of the United States.

## ARGUMENT

### I. Ms. McCarron Fails To Establish That This Court Possesses Jurisdiction To Entertain Her Claim For Violation Of the FMLA

#### A. Ms. McCarron Fails To Identify A Money-Mandating Statute Which Entitles Her To Relief

As set forth in our opening brief, this Court does not possess jurisdiction to entertain Count I of the complaint because Ms. McCarron has failed to identify a money-mandating statute which entitles her to relief. "The Back Pay Act is merely 'derivative' in application, [United States v. Connolly, 716 F.2d 882, 887 (Fed. Cir. 1983)], and is money-mandating only when a plaintiff's claim is 'based on violations of statutes or regulations covered by the Tucker Act.'" Ainslie v. United States, 55 Fed. Cl. 103, 105 (2003), citing Worthington v. United States, 168 F.3d 24, 26 (Fed. Cir. 1999) (additional citations omitted). In this case, the Government established that Title II of the FMLA, the provision which applies to Ms. McCarron as a federal employee, provides no private right of action against the Government because it does not contain an express waiver of the United States' sovereign immunity. Russell v. Dep't of Army, 191 F.3d 1016, 1018-19 (9th Cir. 1999) ("The absence of express statutory authorization for such suits

under Title II would seem to bar [plaintiff's] FMLA claims because it is axiomatic that suits against the government are barred by sovereign immunity absent an unequivocally expressed waiver."); Mann v. Haigh, 120 F.3d 34, 37 (4th Cir. 1997) ("Title II of the FMLA creates neither an express nor implied right of action whereby [covered] employees may obtain judicial review of adverse employment decisions."); Billingsley v. Potter, 2006 U.S. Dist. LEXIS 78205, **10-11 (N.D. O.K. 2006); Weesner v. Glickman, 59 F. Supp. 2d 783 (N.D. Ind. 1999); Keen v. Brown, 958 F. Supp. 70, 72-75 (D. Conn. 1997). Accordingly, it is not permitted by the Tucker Act.

Without citing any legal authority to the contrary, Ms. McCarron maintains that the Court has jurisdiction because her FMLA claim is covered by the Tucker Act, thereby making the Back Pay Act money-mandating. This claim is without merit and, as established above, has been squarely refuted by a number of courts. Since the FMLA is not covered by the Tucker Act and the Back Pay Act is only considered a money-mandating statute when paired with a claim for violation of a statute or regulation covered by the Tucker Act, Ms. McCarron has failed to identify a money-mandating statute which provides the Court with jurisdiction to entertain her claim for violation of the FMLA. Accordingly, Count I of the complaint should be dismissed for lack of jurisdiction.

**B. Ms. McCarron Has Failed To Allege Facts Which Provide This Court With Jurisdiction To Entertain Her Claim**

Ms. McCarron next alleges that our motion to dismiss should be denied because we incorrectly state the facts of this case, and the Court has jurisdiction under an alternate factual proffer. Pl. Opp. at ¶ 8. Ms. McCarron's argument is inapposite. First, even taking Ms.

McCarron's recitation of the facts as true, they differ in no material way from those set forth by the United States, and do not establish a basis for jurisdiction. Second, each of the facts set forth in the Government's opening brief is fully supported by the record evidence attached to both the complaint and the Government's opening brief. Ms. McCarron has provided no evidence to the contrary.

Ms. McCarron's primary concern with the Government's presentation of the facts is that after the birth of each of her children, she did not "request" an additional six weeks of sick leave, but she requested to "substitute" paid sick leave for leave without pay under the FMLA. Pl. Opp. at ¶ 8. It appears that Ms. McCarron attempts to make this distinction because the FMLA provides for the substitution of paid leave for FMLA leave pursuant to current law and regulations. This distinction is immaterial under the facts of this case. Regardless of whether Ms. McCarron requested sick leave or sought to substitute sick leave for leave without pay, she has not stated a claim for relief pursuant to a money-mandating statute. The Government has never disputed that the FMLA provides for the substitution of paid sick leave for leave without pay in certain situations. In fact, Ms. McCarron was permitted to take six weeks of paid sick leave after the birth of each of her children. A5-7; A28. However, Ms. McCarron fails to recognize that the right to the substitution of sick leave is not absolute. The FMLA states that "nothing in this subchapter shall require an employing agency to provide paid sick leave in any situation in which such employing agency would not normally provide any such paid leave." 5 U.S.C. § 6382(d). Complying fully with this statute, the Government informed Ms. McCarron that she could not take more than six weeks of paid sick leave after the birth of each of her children without medical documentation because this would directly violate the regulations and

guidance of the Office of Personnel Management ("OPM") and Army policy on the administration of paid sick leave. OPM instructs that a biological mother or father may not use twelve weeks of sick leave to care for a healthy newborn since an employee may use sick leave only for periods of sickness or other incapacitation. A15-17; A23; 5 C.F.R. § 630.403(a) (citing 5 C.F.R. § 630.401(a)).[2] OPM further provides that an agency may grant sick leave only when supported by evidence administratively acceptable to the agency, and agencies may require a medical certificate for absences in excess of three days. 5 C.F.R. § 630.403(a); A16; A22, ¶ 5. If any employee does not provide the required medical certification within the specified time period, they are not entitled to sick leave. 5 C.F.R. § 630.403(b). This policy is also reflected in the Army's leave policy. A15-16, ¶ 5; A27.

Thus, the FMLA, by its very terms, provides that the Government may follow OPM regulations and Army policies when deciding whether an employee may use paid sick leave in place of leave without pay when taking FMLA leave. Accordingly, the facts presented by Ms. McCarron do not undermine the Government's assertion that the Court lacks jurisdiction over this claim because the FMLA does not create entitlement to twelve weeks of paid sick leave for the care of a healthy newborn.

Ms. McCarron also argues that the Court has jurisdiction in this case because she, "had a medical condition, i.e. pregnancy," that entitled her to twelve weeks of paid sick leave Pl. Opp. at ¶ 9. This assertion is also without merit. As set forth above, OPM provides that a biological

---

[2]The OPM guidance on pregnancy-related sick leave was provided to Ms. McCarron attached to the decision on her internal complaint, and is verifiable on-line at http://www.opm.gov/oca/LEAVE/html/slQ&A.htm#pregnant%20employee.

mother or father may <u>not</u> use twelve weeks of sick leave to care for a healthy newborn. Thus, Ms. McCarron has not established entitlement to paid sick leave under either the FMLA or the Back Pay Act which would provide this Court with jurisdiction.

## II. Because Ms. McCarron Has Neither Opposed Defendant's Summary Judgment Motion With Any Evidence Nor Submitted Any Affidavit Pursuant To RCFC 56, The United States Is Entitled To Judgment As A Matter Of Law

Even assuming that this Court has jurisdiction over Count I of the complaint, summary judgment is appropriate on this claim because Ms. McCarron has failed to establish, in accordance with the rules of this Court, that there is a genuine issue for trial. In the Government's opening motion for summary judgment, the United States provided conclusive and undisputed evidence that the denial of Ms. McCarron's request for paid sick leave was not an unjustified personnel action or a personnel violation. In response to that evidence, Ms. McCarron merely asserts that "a genuine issue of marterial fact exists and the defendant's motion must be dismissed in its entirety and the plaintiff shall be entitled to have her day in court." Pl. Opp. at ¶ 10. Ms. McCarron does not provide any evidence or affidavits to demonstrate that there is a genuine issue for trial. Thus, Ms. McCarron's response is insufficient to overcome the Government's motion for summary judgment.

### A. Ms. McCarron's Response To Defendant's Motion For Summary Judgement Is Improper Because It Does Not Comply With RCFC 56(f)

Ms. McCarron's opposition is characterized as an "affirmation" by her attorney, perhaps in an attempt to serve as an affidavit to support the factual allegations set forth therein. However, this form of pleading is wholly insufficient because, under the rules of this Court, affidavits must be based upon personal knowledge, and must affirmatively state that the <u>affiant</u> is competent to testify to the matters stated therein. RCFC 56(e). Thus, assuming Ms. McCarron's filing is

intended to be an affirmation by Ms. McCarron's attorney, who has no personal knowledge of these matters, it cannot serve as "evidence" sufficient to defeat the Government's motion for summary judgment.

Ms. McCarron's blanket assertion that the Government's motion should be denied to afford her "her day in court" is insufficient to raise a genuine issue of material fact. Pl. Opp. at ¶ 10. "A party may not simply assert that discovery is necessary and thereby overturn summary judgment when it fails to comply with the requirement of Rule 56(f) to set out reasons for the need for discovery in an affidavit." Keebler Co. v. Murray Bakery Prods., 866 F.2d 1386, 1389 (Fed. Cir. 1989), quoted in Brubaker Amusement Co. v. United States, 304 F.3d 1349, 1361 (Fed. Cir. 2002). Moreover, the non-movant may not argue simply that "we have no factual basis for opposing summary judgment, but, if you stay proceedings, we might find something." Keebler, 866 F.2d at 1389 (internal citations omitted).

In Pure Gold, Inc v. Syntex (U.S.A.), Inc., 739 F.2d 624, 625 (Fed. Cir. 1984), the non-movant did not proffer an affidavit in opposition to a motion for summary judgment. Instead, the non-movant "merely assert[ed] that the pleadings and the motion itself raised genuine issues of material fact, and that it was entitled to discovery in order to develop relevant evidence." Id. In affirming summary judgment in favor of the appellee, the Federal Circuit held that a nonmoving party is required to identify, "usually in an affidavit by one with knowledge of the specific facts, what specific evidence could be offered at trial," and that "mere assertions of counsel" lacked the required specificity. Id. at 626-27. In this case, Ms. McCarron's response to our motion for summary judgment consists solely of her attorney's "affirmation" which includes argument and what appears to be a desire for discovery. This does not raise a genuine issue of fact. Sweats

Fashions, Inc. v. Pannill Knitting Co., 833 F.2d 1560, 1562-63 (Fed. Cir. 1987) ("The non-movant may not rest on its conclusory pleadings"); see also Cornejo-Ortega v. United States, 61 Fed. Cl. 371, 375 n.2 (2004) (concluding discovery "unwarranted" where "discovery almost assuredly would present no opportunity for plaintiff to prevail" and because RCFC 56(f) "applies only if the requesting party's affidavits demonstrate that he is unable to justify his opposition without discovery" (emphasis added)).

Finally, RCFC 56(e) all but compels judgment for defendant. That Rule provides:

> When a motion for summary judgment is made and supported as provided in this rule, an adverse party may not rest upon the mere allegations or denials of the adverse party's pleading, but the adverse party's response, by affidavits or as otherwise provided in this rule, must set forth specific facts showing that there is a genuine issue for trial. If the adverse party does not so respond, summary judgment, if appropriate, shall be entered against the adverse party.

RCFC 56(e) (emphasis added). "In other words, in the oft-repeated adage, when the moving party has met its initial burden under Rule 56, the nonmoving party must meet proof with proof, and if the nonmoving party fails to do so, summary judgment, if appropriate, must be entered." Hopkins v. Arkansas. 2007 WL 2996842, *2 (E.D. Ark. 2007) (emphasis added) (citing Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 587 (1986)); see also Brubaker, 304 F.3d at 1361 (affirming summary judgment for the United States and explaining that appellants "failed to avail themselves of the protection of [RCFC 56(f)] by not filing an affidavit").

**B. The United States is Entitled to Summary Judgment Because It Did Not Violate The FMLA**

Even if Ms. McCarron's contentions were properly presented to the Court, her blanket

assertion that summary judgment must be denied because she disputes the facts set forth by the Government, is insufficient where, as stated above, Ms. McCarron's recitation of the facts do not conflict in any material way with the facts set forth by the Government and do not establish a basis for relief. Ms. McCarron attempts to create a distinction between a "request" for paid sick leave and a request for "substitution" of paid sick leave; however, this is a distinction without a difference.

The facts of this case are clear. Ms. McCarron sought to use paid sick leave instead of leave without pay after the birth of each of her children. She was permitted to take leave for the full twelve weeks, six weeks of which was paid sick leave, following each birth.[3] However, in accordance with OPM guidelines and the Army's leave policy, she was informed that without proper medical documentation she could not use sick leave for the additional six weeks of FMLA leave she took for each child. It is inconsequential whether Ms. McCarron requested paid sick leave or requested to substitute paid sick leave for leave without pay under the FMLA. As established above, under either scenario, the Government's action was not an unjustified personnel action or a personnel violation. Rather, it was an administrative decision made in full compliance with the FMLA, OPM regulations, and Army policy. Accordingly, summary judgment in favor of Defendant is appropriate on Count I of the Complaint.

## CONCLUSION

For the foregoing reasons, and those set forth in our opening brief, Defendant respectfully

---

[3]Ms. McCarron was actually permitted to take leave in excess of the twelve weeks guaranteed by the FMLA in conjunction with the birth of her first child. Ms. McCarron took a combination of annual and paid sick leave for two weeks prior to the birth of her first child; therefore, she was out of the office for a total of fourteen weeks. A3.

renews its request that the Court dismiss Count I of Ms. McCarron's Complaint for lack of subject matter jurisdiction. Alternatively, the Government requests that the Court grant summary judgment on Count I in its favor.

Respectfully submitted,

GREGORY G. KATSAS
Assistant Attorney General

JEANNE E. DAVIDSON
Director

s/ Donald E. Kinner
DONALD E. KINNER
Assistant Director

s/ Dawn Goodman
DAWN GOODMAN
Trial Attorney
National Courts Branch
Civil Division
Department of Justice
Attn: Classification Unit, 8th Floor
1100 L Street, N.W.
Washington, D.C. 20530
Tel: (202) 616-1067
Fax: (202)

OF COUNSEL:
Rebecca Ausprung
United States Army Litigation Division
Civilian Personnel Branch
901 N. Stuart Street, Suite 400
Arlington, VA 22203-1837
Tel: (703) 696-1614
Fax: (703) 696-2532

May 21, 2008

Attorneys for Defendant

CERTIFICATE OF SERVICE

I hereby certify under penalty of perjury that on this 21st day of May 2008, a copy of the foregoing "REPLY IN SUPPORT OF DEFENDANT'S MOTION TO DISMISS OR, IN THE ALTERNATIVE, MOTION FOR SUMMARY JUDGMENT UPON COUNT I OF THE COMPLAINT," was filed electronically. I understand that notice of this filing will be sent to all parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

s/ Dawn Goodman