# In the United States Court of Federal Claims

* * * * * * * * * * * * * * * * * * * * * * * * * * * * * * *

**SUSAN L. McCARRON,** *

Plaintiff, *

v. * No. 07-756C

**THE UNITED STATES,** * (Filed June 20, 2008)

Defendant. *

* * * * * * * * * * * * * * * * * * * * * * * * * * * * * * *

## ORDER

Defendant moved to dismiss Count I of plaintiff's complaint pursuant to RCFC 12(b)(1) for lack of subject matter jurisdiction. Briefing was completed on May 21, 2008. Because Count II remains for disposition, the court has determined, pursuant to RCFC 1, that the interests of advancing the case will be best served by (1) issuing a summary ruling on the motion; (2) directing the parties to proceed to develop Count II for disposition by motion or trial; and (3) reserving a fuller explanation of the grounds for granting defendant's motion for the written ruling that enters on the remaining count of plaintiff's complaint and directs entry of final judgment. Argument is deemed unnecessary.

Count I of the Complaint for Monetary Damages filed on October 30, 2007, seeks, pursuant to the Back Pay Act, 5 U.S.C. § 5596 (b)(1)(A)(i) (2000), back pay in the total amount of $40,800.00, representing lost pay for a six-week period for which her federal-agency employer would not permit her to substitute sick leave for leave without pay. Defendant has challenged jurisdiction in the United States Court of Federal Claims on the ground that the Back Pay Act does not independently confer jurisdiction, absent a claim based on the violation of a statute or regulation that mandates the payment of money. Defendant is correct. See United States v. Connolly, 716 F.2d 882, 887 (Fed. Cir. 1983); see also Spagnola v Stockman, 732 F.2d 908, 912 (Fed. Cir. 1984). Moreover, Title II of the Family and Medical Leave Act of 1993, Pub. L. No. 103-3, § 201, 107 Stat. 6, 9-23 (codified as amended at 5 U.S.C. §§ 6381-87 (2000)), provides no redress by judicial review of a federal employee for alleged violation of its provisions. See Russell v. United States Dep't of the Army, 191 F.3d 1016, 1019 (9th Cir. 1999); Mann v. Haigh, 120 F.3d 34, 37

(4th Cir. 1997); see also Bogumill v. Office of Pers. Mgmt., 168 F.3d 1320, 1998 WL 486754, *1-2 (Fed. Cir. Aug. 13, 1998) (unpubl. table). Accordingly,

**IT IS ORDERED**, as follows:

1. Defendant's motion to dismiss is granted insofar as Count I of plaintiff's complaint is dismissed for lack of subject matter jurisdiction.

2. Pursuant to RCFC 12(a)(2)(A), by July 7, 2008, defendant shall file its answer to Count II of the complaint.

s/ Christine O.C. Miller

**Christine Odell Cook Miller**
Judge