IN THE UNITED STATES COURT OF FEDERAL CLAIMS

| | | |
|---|---|---|
| SUSAN L. McCARRON, Plaintiff, v. UNITED STATES, Defendant. | ) | No. 07-756c (Judge Christine Miller) |

## DEFENDANT'S MOTION TO DISMISS COUNT II OF THE COMPLAINT

Pursuant to Rule 12(b)(6) of the Rules of the United States Court of Federal Claims ("RCFC"), defendant, the United States, respectfully requests that the Court dismiss Count II of the complaint filed by plaintiff, Susan L. McCarron, for failure to state a claim. In support of this motion, defendant relies upon the complaint and the following brief.[1]

## ISSUE PRESENTED

Whether the Court should dismiss Count II of plaintiff's complaint for failure to state a claim where, even if the Government failed to completely comply with 5 U.S.C. § 5514, Ms. McCarron is not entitled to the relief sought.

## STATEMENT OF THE CASE[2]

Plaintiff, Susan L. McCarron, has been a Federal law enforcement officer employed at the

[1] "Compl." refers to plaintiff's Complaint filed October 30, 2007. "Order" refers to this Court's June 20, 2008 order granting the Government's motion to dismiss Count I of the complaint.

[2] A detailed statement of the facts was set forth in the Government's motion to dismiss Count I of the complaint filed February 28, 2008, which was granted by this Court on June 20, 2008. Accordingly, only those facts relevant to the remaining count of the complaint will be addressed herein.

Boston Fraud Resident Agency ("BFRA") of the United States Army Criminal Investigation Division ("CID"), located in Fort Devens, Massachusetts, since February 27, 2000. Compl., ¶ 13. After the birth of each of her two children, Ms. McCarron took leave pursuant to the Family Medical Leave Act, 5 U.S.C. § 6381, et seq. ("FMLA"). Compl., ¶ 8. Although a portion of Ms. McCarron's FMLA leave was classified as leave without pay, the Government inadvertently continued to pay Ms. McCarron her full salary during this period. Compl., ¶ 8. When the Government discovered the overpayment, it deducted $10,800.00, in increments, from Ms. McCarron's paycheck. Compl., ¶ 9.

Ms. McCarron filed a two-count complaint alleging 1) that the Government violated the FMLA by denying her request to substitute sick leave for leave without pay (Count I); and 2) that the Government violated 5 U.S.C. § 5514 by failing to afford Ms. McCarron the procedures required by that statute before deducting the overpayment from her salary (Count II). On June 20, 2008, this Court granted the Government's motion to dismiss Count I of the complaint, holding that "the [FMLA] provides no redress by judicial review of a federal employee for alleged violation of its provisions."[3] Order at 1. Count II, the only remaining count, seeks payment in the amount of $10,800.00, the amount deducted from Ms. McCarron's pay.

## ARGUMENT

### I. Standard For Motion To Dismiss For Failure To State A Claim

A motion to dismiss pursuant to RCFC 12(b)(6) for failure to state a claim upon which

[3] After the Court granted the Government's motion to dismiss Count I, we attempted to resolve Count II without the need for additional Court proceedings. However, negotiations were unsuccessful. We now file this motion to dismiss the remainder of the case.

relief can be granted is appropriate when the plaintiff's alleged facts do not entitle it to a remedy. Godwin v. United States, 338 F.3d 1374, 1377 (Fed. Cir. 2003); Perez v. United States, 156 F.3d 1366, 1370 (Fed. Cir. 1998). Until the recent Supreme Court decision in Bell Atlantic Corp. v. Twombly, 550 U.S. —, 127 S.Ct. 1955 (2007), courts routinely followed the rule set forth in Conley v. Gibson, 355 U.S. 41, 45-46 (1957), that, "a complaint should not be dismissed for failure to state a claim unless it appears beyond a doubt that the plaintiff could prove no set of facts in support of his claim which would entitle him to relief." However, pursuant to Twombly, to survive a motion to dismiss, a complaint must now contain factual allegations which are "enough to raise a right to relief above the speculative level." 127 S. Ct. at 1965. As under Conley, a complaint must still be liberally construed, assuming the facts alleged therein as true and drawing all reasonable inferences from those facts in the plaintiff's favor. Id. at 1964-65.

"While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the grounds of his entitle[ment] to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Id. at 1964-65 (internal citations omitted). The facts set forth in the complaint must be sufficient to "nudge the[] claims across the line from conceivable to plausible." Id. at 1974.

## II. Count II Should Be Dismissed Because Ms. McCarron Fails To Establish That The Alleged Violation Of § 5514 Entitles Her To Monetary Relief

Count II of Ms. McCarron's complaint alleges that Ms. McCarron is entitled to a refund of all monies that the Government overpaid her because the Government did not follow the procedures set forth in 5 U.S.C. § 5514 before recovering its funds. Compl., ¶ 10. Noticeably,

however, the complaint does not allege that Ms. McCarron is entitled to the funds but for the alleged failure to comply with these procedures. For example, the complaint does not allege that the amount of money deducted from Ms. McCarron's salary exceeded the amount permitted by § 5514. See, e.g., Wells v. United States, 420 F.3d 1343 (Fed. Cir. 2005). Further, as stated in this Court's order dismissing Count I of the complaint, Ms. McCarron cannot seek "redress by judicial review" against the Government for an alleged violation of the FMLA. Order at 1. The complaint also does not allege that the agency would have come to a different conclusion if it had followed the procedures set forth in § 5514. Accordingly, even if the Court were to conclude that the Government failed to afford Ms. McCarron the procedures set forth in § 5514, such failure amounts to nothing more than harmless error.

"The doctrine of 'harmless error' is a well-established settled principle of federal law." Christian v. United States, 337 F.3d 1338, 1342 (Fed. Cir. 2003), which has been readily applied to analogous suits by federal employees. See id. at 1343 ("The [Supreme] Court has applied harmless-error analysis to a wide range of errors.") For example, "[i]t is well-settled that the doctrine of harmless error applies in military pay cases." See, e.g., Lechliter v. United States, 70 Fed. Cl. 536, 550 (2006) (citing Christian, 337 F.3d at 1342). In such cases,

> to recover back pay, it is not enough for the plaintiff to show merely that an error or injustice was committed in the administrative process; he must go further and either make a showing that the defect substantially affected the decision to separate him or relieve him from active duty, or at least he must set forth enough material to impel the court to direct a further inquiry into the nexus between the error or injustice and the adverse action.

Christian, 337 F.3d at 1343 (quoting Hary v. United States, 618 F.2d 704, 707 (Ct. Cl. 1980)). Similarly, the United States Court of Appeals for the Federal Circuit has applied the harmless

error standard where federal employees contend that they were terminated without being afforded statutorily mandated procedures. Darnell v. Dep't of Transportation, 807 F.2d 943, 945-46 (Fed. Cir. 1986) (agency's failure to consider employees' replies to proposed removal before effectuating termination was harmless error where agency considered replies after the fact and showed no indication the replies would have changed the decision).

In this case, Count II of the complaint asserts only that Ms. McCarron should be paid $10,800.00, the amount the Government overpaid and ultimately reclaimed from Ms. McCarron, because she was allegedly not afforded the procedures contained in § 5514 before the Government reclaimed the money. As stated above, the complaint does not allege that Ms. McCarron was actually entitled to payment of the $10,800.00, or that there is some reason to believe that DFAS would not have reclaimed the money if it had satisfied the requirements of § 5514. Since, as stated above, Ms. McCarron fails to allege that the absence of the procedures resulted in anything more than harmless error, which does not entitle her to monetary relief, Count II should be dismissed for failure to state a claim.

## CONCLUSION

For the above and foregoing reasons, defendant respectfully requests that the Court dismiss Count II of plaintiff's complaint for failure to state a claim.

Respectfully submitted,

PETER G. KATSAS
Assistant Attorney General

JEANNE E. DAVIDSON
Director

s/ Donald E. Kinner
DONALD E. KINNER
Assistant Director

s/ Dawn Goodman
DAWN GOODMAN
Trial Attorney
National Courts Branch
Civil Division
Department of Justice
Attn: Classification Unit, 8th Floor
1100 L Street, N.W.
Washington, D.C. 20530
Tel: (202) 616-1067
Fax: (202) 514-8624

OF COUNSEL:
Rebecca Ausprung
United States Army Litigation Division
Civilian Personnel Branch
901 N. Stuart Street, Suite 400
Arlington, VA 22203-1837
Tel: (703) 696-1614
Fax: (703) 696-2532

August 14, 2008

Attorneys for Defendant

CERTIFICATE OF SERVICE

I hereby certify under penalty of perjury that on this 14th day of August 2008, a copy of the foregoing "DEFENDANT’S MOTION TO DISMISS COUNT II OF THE COMPLAINT" was filed electronically. I understand that notice of this filing will be sent to all parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

s/ Dawn Goodman