# In the United States Court of Federal Claims

No. 07-756C

(Filed November 17, 2008)

```
* * * * * * * * * * * * * * * * * * * * *  *
                                            *
SUSAN L. McCARRON,                          *  Civilian pay; Back Pay Act, 5
                                            *  U.S.C. § 5596 (b)(1)(A)(i)
                Plaintiff,                  *  (2000); RCFC 12(b)(6) motion
                                            *  for failure to state a claim;
        v.                                  *  jurisdiction pleaded under statute
                                            *  that does not mandate payment
THE UNITED STATES,                          *  of money; failure to state a claim
                                            *  for amount of money incorrectly
                Defendant.                  *  withheld.
                                            *
* * * * * * * * * * * * * * * * * * * * *  *
```

  Lawrence A. Berger, Garden City, NY, for plaintiff.

  Dawn Goodman, Washington, DC, with whom was Assistant Attorney General Gregory G. Katsas, for defendant. Rebecca Ausprung, United States Army Litigation Division, Civilian Personnel Branch, Arlington, VA, of counsel.

## MEMORANDUM OPINION AND ORDER

**MILLER,** Judge.

  This case is before the court on defendant's RCFC 12(b)(6) motion to dismiss Count II of plaintiff's complaint for failure to state a claim upon which relief can be granted. On June 20, 2008, pursuant to RCFC 12(b)(1), this court granted defendant's motion to dismiss Count I of plaintiff's complaint, ruling that the Back Pay Act, 5 U.S.C. § 5596 (b)(1)(A)(i) (2000), independently does not confer jurisdiction, absent a claim based on the violation of a statute or regulation that mandates the payment of money, and also that Title II of the Family and Medical Leave Act of 1993, Pub. L. No. 103-3, § 201, 107 Stat. 6, 9-23 (codified as amended at 5 U.S.C. §§ 6381-87 (2000)) (the "FMLA"), provides no redress for a federal employee seeking judicial review for alleged violation of its provisions. Argument is deemed unnecessary.

## FACTS

The following facts are drawn from the complaint. Plaintiff works as a federal law enforcement officer employed by the Boston Fraud Resident Agency (the "BFRA") of the United States Army Criminal Investigation Division in Fort Devens, Massachusetts. Plaintiff gave birth to her daughter on December 17, 2001. Prior to that event, plaintiff requested twelve weeks of unpaid leave under the FMLA and sought to substitute six weeks of paid sick leave for six weeks of unpaid leave under the FMLA. The BFRA denied plaintiff's request. Plaintiff claims that the BFRA wrongly denied her request, thereby depriving her of $15,000.00 in gross earnings for the six weeks that she was on unpaid leave.

On November 4, 2003, while still employed at the BFRA, plaintiff gave birth to a second child. By this date plaintiff had accrued twelve weeks of paid sick leave. Again, plaintiff requested that the BFRA substitute her accrued paid sick leave for unpaid leave under the FMLA, but on this occasion she sought to substitute all twelve weeks of paid leave. The BFRA granted plaintiff's request for six weeks of unpaid leave but otherwise denied plaintiff's request. Plaintiff claims that she was deprived of an additional $15,000.00 in lost earnings during her six-week absence from work on unpaid leave. Plaintiff alleges that the BFRA "arbitrarily and in breach of the FMLA denied" her request to substitute a total of twelve weeks of paid sick leave for unpaid leave under the FMLA causing her to suffer $30,000.00 in damages. Compl. filed Oct. 30, 2007, ¶¶ 4, 6.

During one of the two periods that plaintiff was on unpaid leave under the FMLA, the BFRA mistakenly paid plaintiff $10,800.00 in wages. After discovering the error, the BFRA sought to collect the overpaid monies from plaintiff. Plaintiff charges that the BFRA "committed harmful procedural error and failed to afford Plaintiff minimal due process by seeking collection of the purported overpayment . . . in violation of 5 U.S.C. § 5514." Compl. ¶ 9. Specifically, plaintiff contends that the BFRA denied plaintiff due process by failing to give her advance notice that it was seeking to collect the paid funds and by failing to give plaintiff an explanation of her rights under 5 U.S.C. § 5514 (2000). Plaintiff also complains that the Government did not give her an opportunity to inspect and copy the records pertaining to the debt or to negotiate with the Government to agree on a schedule to pay back the debt or afford her a hearing to determine "the existence of the amount of debt." Id. (citing 5 U.S.C. § 5514).

On October 30, 2007, plaintiff filed her complaint in the United States Court of Federal Claims. Count I of the complaint for monetary damages sought relief, pursuant to the Back Pay Act, 5 U.S.C. § 5596 (b)(1)(A)(i) (2000), for back pay in the total amount of $40,800.00, representing lost pay for the twelve-week period for which her federal-agency employer would not permit her to substitute sick leave for leave without pay. Count II

claimed that the BFRA deprived plaintiff of due process by unlawfully collecting the alleged overpayment of $10,800.00, paid to plaintiff while on unpaid leave, in violation of 5 U.S.C. § 5514.

On February 28, 2008, defendant moved to dismiss Count I of plaintiff's complaint pursuant to RCFC 12(b)(1) challenging jurisdiction in the Court of Federal Claims. Briefing was completed on Count I on May 21, 2008.

On June 20, 2008, this court entered an order granting defendant's motion to dismiss Count I of plaintiff's complaint because the Back Pay Act independently does not confer jurisdiction, absent a claim based on the violation of a statute or regulation that mandates the payment of money. See United States v. Connolly, 716 F.2d 882, 887 (Fed. Cir. 1983); see also Spagnola v Stockman, 732 F.2d 908, 912 (Fed. Cir. 1984). The court also held that Title II of the FMLA provides no redress by judicial review of a federal employee for alleged violation of its provisions. See Russell v. United States Dep't of the Army, 191 F.3d 1016, 1019 (9th Cir. 1999); Mann v. Haigh, 120 F.3d 34, 37 (4th Cir. 1997); see also Bogumill v. Office of Pers. Mgmt., 168 F.3d 1320, 1998 WL 486754, *1-2 (Fed. Cir. Aug. 13, 1998) (unpubl. table). 1/

On August 14, 2008, defendant moved to dismiss Count II of plaintiff's complaint for failure to state a claim upon which relief may be granted, arguing that, even if the Government failed to follow the procedures promulgated in 5 U.S.C. § 5514, plaintiff's claim nonetheless fails because she did not allege facts establishing that she is entitled to the $10,800.00 in monetary damages. 2/ See RCFC 12(b)(6). Defendant also posits that the Government's failure to follow the procedures set forth in 5 U.S.C. § 5514 "amounts to nothing more than a harmless error." Def.'s Br. filed Aug. 14, 2008, at 4. Briefing was completed on October 23, 2008.

---

1/ The order contemplated a more lengthy disposition to be issued when all of plaintiff's claims were addressed. The court now assesses that the June 20, 2008 speaking order adequately set forth all the relevant facts and law.

2/ Following dismissal of Count I of plaintiff's complaint, the parties' attempts to settle Count II were unsuccessful. Def.'s Br. filed Aug. 14, 2008, at 2 n.3. This fact is germane insofar as it explains why defendant filed serial dispositive motions.

**DISCUSSION**

I. Standards

   1. Jurisdiction

The Federal Court of Claims has exclusive jurisdiction to hear plaintiff's claim that the Government unlawfully collected wages, in violation of 5 U.S.C. § 5514, paid to plaintiff while she was on unpaid leave under the FMLA.  See Gordon v. Shoup, 316 F.2d 683, 685 (D.C. Cir. 1963); see also 28 U.S.C. § 1346 (2000).

   2. Motion to dismiss for failure to state a claim

The court's task in considering a motion to dismiss for failure to state a claim is not to determine whether a plaintiff will ultimately prevail, but "'whether the claimant is entitled to offer evidence to support the claims.'" Chapman Law Firm Co. v. Greenleaf Constr. Co., 490 F.3d 934, 938 (Fed. Cir. 2007) (quoting Scheuer v. Rhodes, 416 U.S. 232, 236 (1974)). In Bell Atlantic Corp. v. Twombly, __ U.S. __, 127 S. Ct. 1955 (2007), the United States Supreme Court clarified the standard enunciated in Conley v. Gibson, 355 U.S. 41 (1957), with respect to what a plaintiff must plead to survive a Rule 12(b)(6) motion. 3/  The Supreme Court circumscribed the standard, stating: "[A]ny statement revealing the theory of the claim will suffice unless its factual impossibility may be shown from the face of the pleadings." Twombly Corp., 127 S. Ct. at 1968); see also McZeal v. Sprint Nextel Corp., 501 F.3d 1354, 1356 n.4 (Fed. Cir. 2007) (Dyk, J., dissenting).  Accordingly, the court must assess whether plaintiff adequately states a claim and whether plaintiff can allege any facts that, if proven, would entitle it to the relief sought.  See Twombly, 127 S. Ct. at 1968-69; McZeal, 501 F.3d at 1361-62; see also May v. United States, No. 2008-5048, 2008 WL 4097476, at * 2 (Fed. Cir. Sep. 4, 2008) (per curiam) (stating that factual allegations in plaintiff's complaint did not rise to level of cognizable claim against Government).

---

   3/  The Conley standard, abrogated by Twombly, stated "that a complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." Conley, 355 U.S. at 45-46.  Twombly retired the literal interpretation of Conley's "no set of facts" language "as an incomplete, negative gloss on an accepted pleading standard: once a claim has been stated adequately, it may be supported by showing any set of facts consistent with the allegations in the complaint." Twombly, 127 S. Ct. at 1969.

Although plaintiff's factual allegations need not be "detailed," they "must be enough to raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." Twombly, 127 S. Ct. at 1964-65 (internal citation omitted). The court thus "'accept[s] as true all factual allegations in the complaint, and . . . indulge[s] all reasonable inferences in favor of the non-movant,'" to evaluate whether plaintiffs have stated a claim upon which relief can be granted. Chapman Law Firm, 490 F.3d at 938 (omission in original) (quoting Sommers Oil Co. v. United States, 241 F.3d 1375, 1378 (Fed. Cir. 2001)).

Rule 12(b)(6) authorizes the defendant to move, before filing a responsive pleading, for dismissal of the complaint. A motion made under Rule 12(b)(6) challenges the legal theory of the complaint, not the sufficiency of any evidence that might be adduced. The purpose of the rule is to allow the court to eliminate actions that are fatally flawed in their legal premises and destined to fail and thus to spare litigants the burdens of unnecessary pretrial and trial activity. Neitzke v. Williams, 490 U.S. 319, 326-27 (1989).

"This case presents the antecedent question of what [] plaintiff must plead in order to state a claim under" 5 U.S.C. § 5514. See Twombly, 127 S. Ct. at 1964. RCFC 8(a)(2) requires "a short and plain statement of the claim showing that the pleader is entitled to relief." To survive a 12(b)(6) motion, the "[f]actual allegations must be enough to raise a right to relief above the speculative level." Twombly, 127 S. Ct. at 1965. 5 U.S.C. § 5514(a)(1) provides for procedures that the Government must follow when "an employee, member of the Armed Forces or Reserve of the Armed Forces, is indebted to the United States for debts to which the United States is entitled to be repaid . . . ." These procedures are enumerated in § 5514(a)(2) and provide, in pertinent part:

> [P]rior to initiating any proceedings under paragraph (1) of this subsection to collect any indebtedness of an individual, the head of the agency holding the debt or his designee, shall provide the individual with–
> (A) a minimum of thirty days written notice, informing such individual of the nature and amount of the indebtedness determined by such agency to be due, the intention of the agency to initiate proceedings to collect the debt through deductions from pay, and an explanation of the rights of the individual under this subsection;
> (B) an opportunity to inspect and copy Government records relating to the debt;
> (C) an opportunity to enter into a written agreement with the agency, under terms agreeable to the head of the agency or his designee, to establish a schedule for the repayment of the debt; and

>(D) an opportunity for a hearing on the determination of the agency concerning the existence or the amount of the debt, and in the case of an individual whose repayment schedule is established other than by a written agreement pursuant to subparagraph (C), concerning the terms of the repayment schedule.

Paragraph 9 of plaintiff's complaint states that, before the BFRA collected the $10,800.00 in wages from plaintiff, the BFRA did not: 1) give plaintiff advance notice that it was seeking to collect the paid funds; 2) give plaintiff an explanation of her rights under 5 U.S.C. § 5514; 3) give plaintiff an opportunity to inspect and copy the records pertaining to the debt; 4) give plaintiff an opportunity to negotiate with the Government to agree on a schedule to pay back the debt; or 5) give plaintiff a hearing to determine "the existence of the amount of debt." Citing to the statute, plaintiff pleads that she is entitled to at least minimal due process, before the Government garnished the $10,800.00 in wages erroneously paid to plaintiff by providing her with a "pre-deprivation or post-deprivation hearing as mandated by the Constitution and statute [5 U.S.C. § 5514]." Pl.'s Br. filed Oct. 10, 2008, at 2. 4/

Defendant counters that plaintiff is asking the court "to erase the debt [plaintiff] owes to the Government because the Government allegedly failed to follow the procedures set forth in §5514." Def.'s Br. filed Oct. 23, 2008, at 2. Defendant argues that plaintiff has not specified, either in her complaint or in her responsive brief, any legal authority that provides the legal redress that plaintiff seeks, i.e., damages for procedural errors made by the Government under 5 U.S.C. §5514. Defendant continues, "Count II does not dispute that [plaintiff] was overpaid $10,800.00," and, assuming that Count II did allege that plaintiff should have been paid for the entire twelve week period of FMLA absence, this court already concluded that the Court of Federal Claims does not have jurisdiction to afford judicial review of the BFRA's denial of plaintiff's request to substitute paid leave for unpaid leave under the FMLA. Def.'s Br. filed Oct. 23, 2008, at 2.

Accepting plaintiff's allegations as true, for the purpose defendant's RCFC 12(b)(6) motion, plaintiff has pleaded sufficient facts that rise above a speculative level to establish

---

4/ Plaintiff cites to Holley v. United States, 124 F.3d 1462 (Fed. Cir. 1997); Adkins v. United States, 68 F.3d 1317, 1312 (Fed. Cir. 1995); and Golding v. United States, 48 Fed. Cl. 697, 724 (2001), to support the proposition that the court has jurisdiction over Count II of her complaint. As defendant responds, plaintiff's focus on whether the court has jurisdiction to hear Count II of the complaint is not the issue for decision. The issue, as stated by the Supreme Court in Twombly, is whether plaintiff has pleaded factual allegations that "raise a right to relief above the speculative level." Twombly, 127 S. Ct. at 1965.

that the Government violated 5 U.S.C. § 5514 when it collected the $10,800.00 in overpaid wages. See Twombly, 127 S. Ct. at 1965. However, plaintiff has not pleaded any facts to establish that she is entitled to the $10,800.00 in overpaid wages. Furthermore, any claim for entitlement to damages under the FMLA was foreclosed by the court's order of June 20, 2008, that dismissed plaintiff's claim for alleged violation under the FMLA for lack of subject matter jurisdiction.

    3.  Harmless error

"The doctrine of 'harmless error' is a well-established settled principle of federal law." Christian v. United States, 337 F.3d 1338, 1342 (Fed. Cir. 2003). The Federal Circuit has applied the harmless error doctrine to cases involving alleged wrongful termination of federal employees, Darnell v. United States, 807 F.2d 943 (Fed. Cir. 1986), and also to military back pay cases, Christian, 337 F.3d at 1343.

> To recover back pay, it is not enough for the plaintiff to show merely that an error or injustice was committed in the administrative process; he must go further and either make a showing that the defect substantially affected the decision to separate him or relieve him from active duty, or at least he must set forth enough material to impel the court to direct a further inquiry into the nexus between the error or injustice and the adverse action.

Id. (quotations omitted).

Defendant cites to Christian v. United States, 337 F.3d 1338, and Darnell v. United States, 807 F.2d 943, to support its argument that, even if the Government did not follow the procedures promulgated by 5 U.S.C. § 5514, as plaintiff claims, the "complaint does not allege that [plaintiff] is entitled to the funds . . .[,] that the money deducted from [plaintiff's] salary exceeded the amount permitted by § 5514," nor does the complaint allege that the Government would have "come to a different conclusion if it had followed the procedures set forth in § 5514." Def.'s Br. filed Aug. 14, 2008, at 4.

Plaintiff retorts that the plaintiffs in Darnell v. United States, 807 F.2d 943, were not "afforded a pre-[deprivation] hearing [but were] afforded a post-[deprivation] hearing that was compatible with constitutional mandates." Pl.'s Br. filed Oct. 10, 2008, at 4. Plaintiff, on the other hand, has not been afforded either a pre- or post-deprivation hearing regarding her monetary claim. In Darnell the issue was whether the Federal Aviation Administration's (the "FAA") failure to consider former employees' replies to proposed removal before termination was a harmless error. The United States Court of Appeals for the Federal Circuit concluded that the FAA's consideration of employees' written replies "after the fact and do

7

not on their face give any indication that receipt of the replies prior to issuance of the removal letters could have affected the [FAA's] underlying factual conclusion, was harmless error." 807 F.2d at 946. Plaintiff's reliance on Darnell is misplaced, and its holding does not support her claim. As stated by the Federal Circuit, in making a prima facie case, "[I]t is not enough for the plaintiff to show merely that an error or injustice was committed in the administrative process . . . ," plaintiff also must show that the error substantially affected the outcome or that there is some nexus between the error and the adverse action. Christian, 337 F.3d at 1343. Plaintiff has not alleged any facts to overcome this hurdle.

Plaintiff does not indicate that the Government's failure to follow the procedures set forth in 5 U.S.C. § 5514 "substantially affected the decision" to collect the $10,800.00, nor does plaintiff establish that "'enough material to impel the court to direct a further inquiry into the nexus between the error or injustice and the adverse action.'" Christian, 337 F.3d at 1343 (quoting Hary v. United States, 618 F.2d 704, 707 (Ct. Cl. 1980)). Because plaintiff does not allege that she is entitled to the $10,800.00 in overpaid wages, the Government's failure to follow procedures in 5 U.S.C. § 5514 would constitute a harmless error, and any damages incurred as a consequence of this error would be de minimis.

## CONCLUSION

Accordingly, based on the foregoing, and the order entered on June 20, 2008, defendant's motion is granted, and the Clerk of the Court shall dismiss Count I of the complaint pursuant to RCFC 12(b)(1) without prejudice for lack of subject matter jurisdiction and Count II of plaintiff's complaint pursuant to RCFC 12(b)(6) with prejudice for failure to state a claim.

**IT IS SO ORDERED.**

No costs.

s/ Christine O.C. Miller

**Christine Odell Cook Miller**
Judge